UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| INVISIBLE FENCE, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 3:23-CV-00403-JRG-JEM |
| PROTECT ANIMALS WITH SATELLITES, LLC, KEN EHRMAN, and CESAR MILLAN, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Protect Animals With Satellites, LLC ("PAWS"), Ken Ehrman, and Cesar Millan (collectively, "Defendants") moved to dismiss Plaintiff Radio System Corporation's ("Plaintiff") Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). [Doc. 19]. For the reasons stated below, Defendant's Motion to Dismiss [Doc. 19] is **DENIED**.

### I. BACKGROUND

On November 9, 2023, Plaintiff filed its Complaint seeking damages, fees, and injunctive relief against Defendants for federal trademark infringement, false advertising, false designation of origin, and dilution, and Tennessee common law trademark infringement and dilution. [*See* Doc. 1]. This case involves a dispute over use of Plaintiff's trademarks in advertising materials related to the sale of GPS-based pet containment systems. [*Id.* at 1]. Plaintiff alleges that Defendants "attempt[] to make a place . . . in the market through unlawful use of [Plaintiff's] famous marks and other acts of unfair competition." [*Id.*]. According to the allegations of the Complaint, Plaintiff is a corporation organized in Delaware with a principal place of business in Knoxville, Tennessee.

[*Id.* at 2]. Defendant PAWS is organized in Delaware with a regular and established place of business in Plano, Texas. [*Id.*]. The Complaint further alleges that Defendant PAWS "makes, markets, sells, and offers to sell a pet containment product that uses a GPS-based wireless dog collar (the 'Halo Collar')" and "owns, operates, and maintains [www.halocollar.com] through which 'Halo Collar' products can be purchased throughout the United States, including in the State of Tennessee." [*Id.*]. Defendants Ken Ehrman and Cesar Millan (the "Individual Defendants") are both alleged to be a "founding partner, shareholder, officer, and manager of PAWS, " who were "agents, affiliates, officers, [and] directors" of PAWS and "actively participated in or subsequently ratified and adopted . . . each violation of [Plaintiff's] rights[.]" [*Id.* at 2–3]. Defendant Ken Ehrman is a citizen of New Jersey, and Defendant Cesar Millan is a citizen of California. [*Id.* at 2].

The Complaint specifically alleges that the Court has personal jurisdiction over Defendants because they have "extensive contacts with and regularly transact[] business in the State of Tennessee and [the Eastern District]" through: (1) offering the Halo Collar to Tennessee customers through Defendants' allegedly interactive website; (2) interacting with Tennessee consumers through Defendants' Zoom-powered Halo Dog Park service; (3) allowing Tennessee customers to register with Defendants' website and access personalized customer accounts; (4) advertising products to and soliciting business from Tennessee residents through its website, as well as through search engines like Google and social media sites such as Facebook; and (5) shipping Halo Collars into the Eastern District of Tennessee. [*Id.* at 3–4]. Plaintiff further alleges that the Defendants have "knowingly infringed, and continue to knowingly infringe, [Plaintiff's] trademark rights within the State of Tennessee, including in this District, by advertising, marketing, and shipping products to customers, resellers, and/or partners in the State of Tennessee[.]" [*Id.* at 4]. With respect to the Individual Defendants, Plaintiff alleges they "direct, control, participate in, and/or

2

manage, and are the moving force behind" Defendant PAWS's sale, advertisement, and distribution of the Halo Collar and derive profits "directly from [Defendant PAWS's] revenue, including revenues made from the sale of Halo Collar products in the State of Tennessee and this District." [*Id.*].

Defendants filed their Motion to Dismiss [Doc. 19] on January 12, 2024, arguing that Plaintiff failed to allege sufficient facts to support this Court's exercise of personal jurisdiction over all three Defendants because: (1) Defendants have not specifically targeted the Eastern District of Tennessee with their suit-related conduct; (2) Plaintiff relies on non-suit conduct to tie Defendants to this District; and (3) it would be unreasonable for this Court to exercise jurisdiction over Defendants. [Doc. 20, at 5]. Defendants also argue that Defendant Millan is protected from personal jurisdiction by the fiduciary shield doctrine. [*Id.*]. Plaintiffs responded in opposition on January 29, 2024. [Doc. 22]. This matter is now ripe for review.

## II. LEGAL STANDARD

When a defendant files a motion to dismiss based on lack of personal jurisdiction, the burden is on the plaintiff to show that the court has personal jurisdiction. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008). When establishing personal jurisdiction based on written submissions, "the plaintiff's burden is relatively slight." *Id.* (internal quotation marks omitted). "[T]he plaintiff must make only a *prima facie* showing that personal jurisdiction exists . . . ." *Id.* (citation omitted). The Court must "consider pleadings and affidavits 'in a light most favorable to the plaintiff[]' and [does] not weigh 'the controverting assertions of the party seeking dismissal.'" *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991)). Within the Sixth Circuit, a ruling in favor of a plaintiff does not necessarily end the issue of personal jurisdiction.

*Anwar v. Dow Chem. Co.*, 876 F.3d 841, 847 (6th Cir. 2017). A defendant may "continue to contest personal jurisdiction by requesting an evidentiary hearing or moving for summary judgment should the evidence suggest a material variance from the facts as presented by plaintiffs." *Id.* (citation omitted).

The long-arm statute of the state in which a federal court sits determines the federal court's personal jurisdiction. Fed. R. Civ. P. 4(k)(1)(A); *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Tennessee's long-arm statute gives jurisdiction "[o]n any basis not inconsistent with the constitution of this state or of the United States." Tenn. Code Ann. § 20-2-225. The Tennessee Supreme Court has ruled that this statute permits the exercise of jurisdiction to the full extent permissible under the United States Constitution. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 646 (Tenn. 2009). Therefore, this Court must determine if exercising jurisdiction over Defendants would violate federal due process. *Daimler AG*, 571 U.S. at 125.

A court's exercise of jurisdiction does not violate federal due process when a defendant has "certain minimum contacts with the [forum] State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at 126 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)). The tenet of "fair play and substantial justice" has led to two types of personal jurisdiction: general and specific. *Id.* at 127.

A court can exercise general personal jurisdiction over a defendant "when a defendant's contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (internal quotation marks omitted). For an individual, an individual's domicile determines whether a court has general jurisdiction. *Goodyear*, 564 U.S. 915 at 924. An entity must have contacts "so

4

continuous and systematic as to render them essentially at home in the forum State" for a court to have general jurisdiction over it. *Daimler AG*, 571 U.S. at 127 (citation and internal quotation marks omitted).

Unlike general jurisdiction, specific jurisdiction focuses on the connection "between the forum and the underlying controversy." *Power Investments, LLC v. SL EC, LLC*, 927 F.3d 914, 917 (6th Cir. 2019) (quoting *Goodyear*, 564 U.S. at 919). A defendant's contacts with the forum state, not the plaintiff's contacts, build that connection. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). A defendant must have directed some action to the forum state; the effects of an action that harmed a plaintiff residing in the state is insufficient. *Id.* at 286 ("[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.").

A connection between the forum and the underlying controversy exists (1) when a defendant purposefully availed itself of the privileges of the forum state or caused a consequence in the state, (2) when the cause of action arises from defendant's activities, and (3) when "the acts of the defendant or consequences caused by the defendant . . . have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). Each part of the *Mohasco* standard "represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked." *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989).

### III. ANALYSIS

A.  **The Court Does Not Have General Jurisdiction Over Defendants.**

It is clear that the Court does not have general jurisdiction over the Defendants, because they are not "at home" in Tennessee. *Goodyear*, 564 U.S. at 924. To be at home for purposes of

5

general jurisdiction, a defendant must have contacts with the forum state that are continuous and systematic in nature. Defendant PAWS was formed as a limited liability company in Delaware, and according to the Complaint, has a principal place of business in Texas. Plaintiff's Complaint alleges generally that the Halo Collar is regularly marketed and sold to consumers in Tennessee.[1] Even though Defendant PAWS's website and advertising are alleged to be available to consumers in Tennessee, and viewing the allegations within the Complaint most favorably to Plaintiff, Plaintiff does not allege sufficient conduct from which the Court can infer that Defendant PAWS continuously or systematically targeted Tennessee as a forum state through the advertising and subsequent sale of its products. Defendant PAWS is therefore not at home in Tennessee, and so the Court cannot exercise general jurisdiction over it. Similarly, the Individual Defendants are alleged to be officers or directors of Defendant PAWS, but they are both domiciled outside of Tennessee. *See id.* ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]"). The Court cannot exercise general jurisdiction over Defendants in this action.

## B. The Court Has Specific Jurisdiction Over All Defendants.

Relevant to personal jurisdiction, the Complaint alleges Defendants "regularly transact[] business in the state of Tennessee," "advertise[] [their] products to and solicit[] business from Tennessee residents and ship[] products into Tennessee" through their website, offer the Halo Collar to "Tennessee customers through an online store on the interactive website www.halocollar.com," and "allow[] Tennessee customers to register and access personalized customer accounts through its website." [*Id.* at 4]. More specifically, Plaintiff alleges that Defendants "advertised and sold a Halo Collar product through the website www.halocollar.com

---

[1] Defendants' Motion states that Defendant PAWS has an additional regular and established place of business in New Jersey. [Doc. 20, at 6]. For purposes of this Motion, it is irrelevant, as neither location is the state of Tennessee.

6

to a resident of Tennessee located in this District on or about September 1, 2023." [*Id.* at 5]. Plaintiff further alleges that Defendants ""knowingly infringed, and continue to knowingly infringe, [Plaintiff's] trademark rights within the State of Tennessee, including in this District, by advertising, marketing, and shipping products to customers, resellers, and/or partners in the State of Tennessee[.]" [*Id.* at 4]. The Complaint alleges that Defendant PAWS has sold and advertised Halo Collar products as an alternative to Plaintiff's products by using Plaintiff's Invisible Fence mark in advertising that "creates the false impression that Halo Collar products originate from . . . or are otherwise connected to, affiliated or associated with . . . [Plaintiff]." [*Id.* at 13]. Plaintiff also alleges that Defendants use the Invisible Fence mark in false and misleading comparative advertising, and that the allegedly deceptive advertising utilizing Plaintiff's mark is material to consumer purchasing decisions and thereby harms Plaintiff. [*Id.* at 16–21].

Viewing these allegations in a light most favorable to the Plaintiff, the Court has specific jurisdiction over Defendants if Plaintiff can show that Defendants: (1) purposefully availed themselves to Tennessee or caused a consequence in the state, (2) the causes of action arise from Defendants' own activities, and (3) Defendants' actions in Tennessee or the consequences caused by their actions directed towards Tennessee are substantial enough to make jurisdiction reasonable. *Mohasco*, 401 F.2d at 381 (6th Cir. 1968). The Court will walk through each independent *Mohasco* requirement in turn.

      a.    *Purposeful Availment*

"[T]he mere allegation of intentional tortious conduct which has injured a forum resident does not, by itself, always satisfy the purposeful availment prong." *Air Products & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 552 (6th Cir. 2007) (citation omitted). Rather, the purposeful availment requirement is satisfied when "the defendant's contacts with the forum state proximately

7

result from actions by the defendant himself that create a substantial connection with the forum State, and when the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir. 1996) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–75, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)) (citations and internal quotations omitted). "In the Sixth Circuit, the emphasis in the purposeful availment inquiry is whether the defendant has engaged in some overt actions connecting the defendant with the forum state." *Fortis Corp. Ins. v. Viken Ship Mgmt.*, 450 F.3d 214, 218 (6th Cir. 2006) (citations and quotation marks omitted).

Defendants' arguments with respect to purposeful availment rely primarily on the district court's decision in *AMB Media, LLC v. OneMB, LLC,* which was recently reversed and remanded by the Sixth Circuit. No. 23-5607, 2024 U.S. App. LEXIS 11277 (6th Cir. May 8, 2024). In *AMB Media*, the plaintiff operated a service called "LEGACYBOX" that allowed customers to digitally preserve home movies, photos, and other media. *Id.* at *2. The defendants, a group of LLCs based in Arizona, offered a similar service. *Id.* The defendants sold their products through a website that contained reviews from Tennessee customers, and over the span of approximately two and half years, the defendants grossed over $16,000 in revenue from fifty-nine customers in Tennessee. *Id.* at *3. The plaintiff brought suit alleging violations of the Lanham Act and common law trademark and unfair competition causes of action. *Id.*

The district court in *AMB Media* found that fifty-nine sales to Tennessee customers over thirty-four months did not constitute purposeful availment. *Id.* at *4. On appeal, however, the Sixth Circuit stated that "[r]egardless of the type of business at issue, if a company holds itself out to a jurisdiction's business and does regular commerce there, it has fair warning that it could be subject to suit in that location." *Id.* at *9 (citation omitted). Acknowledging a line of cases from the First,

8

Second, and Ninth Circuits, the Sixth Circuit concluded that "[u]se of an interactive website to sell products into a forum creates jurisdiction not because of any internet-specific rules, but because that course of conduct pairs a willingness to sell into the forum with regular sales—features that have long constituted purposeful availment." *Id*. "[T]he proper test for personal jurisdiction is not based on a 'percentage of business' analysis . . . but rather on whether the absolute amount of business conducted [in the forum] represents something more than 'random, fortuitous, or attenuated contacts' with the state." *Id.* at *11 (citation omitted).

The Sixth Circuit also found that the defendants were holding themselves out as welcoming Tennesseans' business by featuring reviews from Tennessee customers on their website, and that the defendants could "reasonably expect[] to conduct a given level of business in [Tennessee] year after year." *Id.* at *9 (citation omitted). "Specifically, [the defendants] served roughly twenty Tennessee customers annually in the 2020–2022 period, with an increasing number of Tennesseans purchasing Defendants' product each year during that timeframe." *Id.* The Sixth Circuit concluded that "when, as here, a defendant creates repeated contacts through a regular course of business, it has purposefully availed itself of that forum's jurisdiction." *Id.* at *14 (emphasis added).

In light of the issues raised by Defendants in their Motion, and when comparing *AMB Media* to the facts at hand, there are surely distinctions to be made. Defendants are correct that, in addition to its general allegations of regular sales, Plaintiff's Complaint only details one specific sale of a Halo Collar into the Eastern District of Tennessee in September 2023, approximately two months before this litigation began. [Doc. 1, at 4]. According to Plaintiff's own allegations, the Defendants began marketing the Halo Collar in 2020, several years prior to the alleged sale. [*Id.* at 8]. It does not take much activity to constitute "regular commerce;" for example, in *NeoGen Corp. v. Neo Gen Screening, Inc.*, the Sixth Circuit found that fourteen mail-order transactions a

9

year between the defendant and the forum state was sufficient to confer jurisdiction. 282 F.3d 883, 887, 891 (6th Cir. 2002). But most courts have found a single, isolated sale into a forum to be insufficient to confer jurisdiction, and while Plaintiff generally alleges that Defendants' false advertising was material to consumer purchasing decisions in Tennessee, Plaintiff does not specifically mention whether this single sale was induced by Defendants' false advertising. *See Oaks v. Largo Bioscience, Inc.*, No. 3:21-CV-00541, 2022 U.S. Dist. LEXIS 43604, at *24 (M.D. Tenn. Mar. 11, 2022) (collecting cases). Further, Plaintiff has not directed the Court to any specific marketing or promotion efforts by Defendants indicating that it markets, sells, or distributes the Halo Collar in Tennessee or initiates business with Tennessee consumers. *See, e.g.*, *Arnold v. Coopersurgical, Inc.*, 681 F. Supp. 3d 803, 816 (S.D. Ohio July 10, 2023) (finding that the plaintiff established that defendant purposefully availed themselves to Ohio as a forum state where a defendant's marketing stated it offered "one of the most popular permanent sterilization methods in the United States" and the defendant by its own admission "currently sells, markets, and distributes [products] in Ohio").

Even so, Defendants' arguments place too stringent a burden on Plaintiff and its pleadings at this stage. To be sure, motions to dismiss under Rule 12(b)(2) can involve burden shifting. "The plaintiff must first make a *prima facie* case, which can be done merely through the complaint. The burden then shifts to the defendant, whose motion to dismiss must be properly supported with evidence. Once the defendant has met the burden, it returns to the plaintiff, who may no longer stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020) (quotations and citations omitted) (emphasis added); *see also Theunissen*, 935 F.2d at 1458 (stating that "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his

10

pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction"). However, when the district court rules on written submissions alone, the plaintiff's burden merely consists of "a *prima facie* showing that personal jurisdiction exists." *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (citation and internal quotation marks omitted). This is a "relatively slight" burden, and the district court should not "weigh 'the controverting assertions of the party seeking dismissal.'" *Air Prods.*, 503 F.3d at 549 (citations omitted). While Defendants point to a number of possible specific facts Plaintiff might have additionally provided in support of jurisdiction, such specificity is not Plaintiff's burden at this point in the litigation. Since Plaintiff is entitled to rely on the allegations within its Complaint, as explained below, the Court finds that Plaintiff has made a *prima facie* case that Defendants have purposefully availed themselves to Tennessee.

A *prima facie* showing is made by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp.*, 282 F.3d at 887. As previously discussed, Plaintiff's Complaint alleges that Defendants own and operate the website www.halocollar.com and use it to advertise the Halo Collar, engaging in alleged infringing and deceptive uses of Plaintiff's marks within the advertising, for sale throughout the United States, including Tennessee. [*Id.* at 4, 15–20]. Plaintiff's Complaint further alleges that Defendants advertise their products to Tennessee residents using other forums such as Google and Facebook. [*Id.* at 4]. Defendants are correct that the mere operation of a website featuring passive, allegedly false advertising that is simply available to Tennessee consumers and from which Tennessee consumers could possibly purchase products, without more, is insufficient to show purposeful availment. "A defendant purposefully avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals *specifically intended*

11

*interaction* with residents of the state." *Neogen,* 282 F.3d at 890 (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) (using a "sliding scale" of interactivity to identify Internet activity that constitutes purposeful availment)) (emphasis added).

However, Plaintiff's Complaint also alleges that Defendants offer products to "Tennessee customers through an online store on the interactive website www.halocollar.com," the same website allegedly hosting the false and infringing advertising displayed to Tennessee residents, and "allow[] Tennessee customers to register and access personalized customer accounts through its website," which Defendants have allegedly used to "regularly" sell the Halo Collar to consumers in Tennessee. [*Id.* at 4]. In *NeoGen*, "in assessing whether [the defendant's] conduct" constituted purposeful availment, the Sixth Circuit "noted that it would be a 'close question' as to whether the interactive portions of [the defendant's] website—granting passwords to [forum state] users and holding itself out as welcoming [forum state] business would 'alone be sufficient to sustain personal jurisdiction.'" *AMB Media*, 2024 U.S. App. LEXIS 11277 at *8 (citation omitted). However, the purposeful availment requirement was "plainly satisfied" because the defendant also "conducted business with [residents of the forum state] on a regular basis." *Id.*

Viewing the Complaint in the light most favorable to Plaintiff, Plaintiff has alleged that Defendants infringe their marks in allegedly false and deceptive advertisements marketing the Halo Collar to Tennessee residents through its interactive website, that the advertisements are both confusing and deceptive to consumers and material to the purchasing decisions of Tennessee consumers, and that Defendants have in fact sold and shipped Halo Collars regularly to Tennessee consumers through its website and allowed Tennessee consumers to create customer accounts on its website. These allegations are sufficient in this Circuit to establish a *prima facie* showing of purposeful availment, because "if a company holds itself out to a jurisdiction's business and does

12

regular commerce there, it has fair warning that it could be subject to suit in that location." *AMB Media*, 2024 U.S. App. LEXIS 11277 at *9 (citation omitted).

Additionally, viewing the Complaint's allegations most favorably to Plaintiff, Defendants could have reasonably foreseen that their allegedly infringing and false advertising would lead to customers in Tennessee choosing to purchase products provided by Defendants, which Defendants then shipped to consumers in Tennessee. *Arnold v. Coopersurgical, Inc.*, 681 F. Supp. 3d 803, 816 (S.D. Ohio July 10, 2023) (citing *Mohasco*, 401 F.2d at 382–83) ("Plaintiff adequately shows that [defendant] 'purposefully availed' itself of the privilege of conducting business in [the forum state]—that is, Plaintiff has established that [defendant] 'should have reasonably foreseen' that its business activities 'would have consequences in [the forum state].'").

The Court reminds Defendants that a ruling in favor of Plaintiff at this stage does not necessarily end the issue of personal jurisdiction, and Defendants may "continue to contest personal jurisdiction by requesting an evidentiary hearing or moving for summary judgment should the evidence suggest a material variance from the facts as presented by plaintiffs." *Anwar*, 876 F.3d at 847. But in light of Plaintiff's relatively slight burden in proving its *prima facie* case, and when viewing the allegations of the Complaint in Plaintiff's favor, the Court finds that Plaintiff has established that Defendants purposefully availed themselves to the state of Tennessee.

      b.    *Causation*

The second *Mohasco* requirement for the exercise of personal jurisdiction—that "the cause of action must arise from the defendant's activities [in the forum state]"—is also satisfied here. *Mohasco*, 401 F.2d at 381. This inquiry requires Plaintiff to "demonstrate a causal nexus between the defendant's contacts with the forum state and the plaintiff's alleged cause of action." *Arnold*, 681 F. Supp. 3d at 816 (citing *Beydoun v. Wataniya Rests. Holding, Q.S.C.*, 768 F.3d 499, 507

(6th Cir. 2014)). This is a "lenient standard." *Bird v. Parsons*, 289 F.3d 865, 875 (6th Cir. 2002). To satisfy this factor, the Sixth Circuit "requires only that the cause of action, of whatever type, have a substantial connection with the defendant's [in forum] activities." *Id.* (citation and internal quotation marks omitted). Construing the allegations of the Complaint in the light most favorable to Plaintiff, it is possible that Defendants' infringing and false advertising referencing the Plaintiff's Invisible Fence marks, hosted on Defendants' website and other online platforms, was material to Tennesseans' decisions to purchase the Halo Collar from Defendants, create accounts on Defendants' website, and utilize Defendants' Halo "Dog Park" service, which in turn caused economic injury to Plaintiff in Tennessee by diverting sales from Plaintiff and damaging Plaintiff's reputation and goodwill as a provider of GPS-based dog collar products and services. This sort of causal connection satisfies the "arising from" requirement. *See, e.g.*, *NeoGen*, 288 F.3d at 892.

Defendants unsuccessfully seek to narrow the idea of relevant "suit conduct" to their marketing or advertising alone. [Doc. 20, at 15–17]. Defendants argue that Plaintiff "attempts to establish personal jurisdiction in this District based on sales of PAWS' Halo Collar product and interactions with the customers of that product," but "the basis of plaintiff's suit (*i.e.*, the suit-related conduct) is not connected to the forum" because "plaintiff does not plead any facts that tie the conduct at issue (*i.e.*, advertising) to the forum." [*Id.* at 15]. But this attempted distinction does not comport with the elements of Plaintiff's claims under the Lanham Act.

The Court is mindful that this is not a typical trademark infringement action where the Defendants' Halo Collar product is itself alleged to infringe Plaintiff's Invisible Fence marks. Accordingly, the Court agrees that the relevant suit conduct cannot merely be predicated on sales of the Halo Collar into Tennessee, because the Halo Collar itself is not alleged to infringe Plaintiff's trademarks. Rather, Plaintiff contests Defendants' allegedly infringing use of its

14

trademarks in comparative advertising Plaintiff believes to be both confusing to consumers and deceptive in nature. In this vein, Plaintiff alleges that "Halo's advertisements and website make false, deceptive and misleading claims about [Plaintiff's] products and services," [Compl. at 15]; *see* [*id.* at 92 (alleging that Defendants "continue to use . . . marks confusingly similar to" Plaintiff's "in connection with its sale, promotion, and advertisement")], and Plaintiff alleges that Defendants target Tennesseans, including Tennesseans in this district, with these deceptive advertisements and that these advertisements have resulted in sales in Tennessee, [*id.* at 4]. Sales are a natural consequence of Defendants' alleged deceptive advertisements. Plaintiff therefore succeeds in "demonstrate[ing] a causal nexus between the defendant[s]' contacts with the forum state and [Plaintiff's] alleged cause of action." *Arnold*, 681 F. Supp. 3d at 816.[2]

      c.    *Reasonableness*

Lastly, the court must consider whether exercising personal jurisdiction over Defendants in Tennessee would be reasonable, *i.e.*, whether it would comport with "traditional notions of fair play and substantial justice." *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1267–68 (6th Cir. 1996) (quoting *Reynolds v. International Amateur Athletic Fed'n*, 23 F.3d 1110, 1117 (6th Cir. 1992), *cert. denied*, 513 U.S. 962 (1994)). If the Court finds, as it has here, that the first two elements of a *prima facie* case (purposeful availment and a cause of action arising from the defendant's contacts with the forum state) are satisfied, then an inference arises that this third factor is also present. *Compuserve*, 89 F.3d at 1268. Generally, when considering whether it is reasonable to exercise personal jurisdiction over a non-resident defendant, a court must consider several factors including the following: (1) the burden on the defendant; (2) the interest of the

---

[2] Mr. Millan has filed a declaration in which he attests that he "was not involved in the development of, nor did I direct or authorize, the specific advertisements Plaintiff included in its Complaint," [Milan Decl., Doc. 20-1 at 2], but the Court "[does] not weigh 'the controverting assertions of the party seeking dismissal,'" *MAG IAS Holdings*, 854 F.3d at 899 (quotation omitted).

15

forum state; (3) the plaintiff's interest in obtaining relief; and (4) other states' interest in securing the most efficient resolution of the controversy. *Id*.

The Court acknowledges that it would be burdensome for Defendant PAWS, an out-of-state corporation, to litigate this action in Tennessee. Similarly, it would be burdensome for the out-of-state Individual Defendants to defend against suit in Tennessee as well. However, based on the allegations of the Complaint, the Court finds that Defendants cannot reasonably object to this burden given their allegedly regular display of advertising on their website and other online sources, said advertising allegedly being material to Tennessee consumers' decisions to purchase the Halo Collar, leading to resulting regular sales of the Halo Collar to consumers in Tennessee.[3] Further, Tennessee would have a strong interest in exercising jurisdiction over Defendants because Plaintiff is a resident corporation of the state of Tennessee, which would have an interest in "protecting its residents' legal options." *Intera Corp.*, 428 F.3d at 618 (citing *Youn v. Track, Inc.*, 324 F.3d 409, 419 (6th Cir. 2003)). The Court further finds that Plaintiff has a strong interest in obtaining relief from alleged financial and reputational injury, and the Court is unaware of other states with an interest in securing the resolution of this controversy. Therefore, the Court finds that

---

[3] With respect to the Individual Defendants, Plaintiff includes them in its collective definition of "Defendants" or "Halo" within the Complaint. Accordingly, all of the factual allegations outlined above apply to the Individual Defendants as well. The Complaint further states that "Ken Ehrman and Millan were both agents, affiliates, officers, directors, managers, principals, alter-egos, and/or employees of [Defendant PAWS] and were at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment. Both actively participated in or subsequently ratified and adopted, or both, all the acts and conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of [Plaintiff's] rights and the damages to [Plaintiff] proximately caused thereby." [Doc. 1, at 3]. Plaintiff further alleges that the Individual Defendants "[were] and [are] a moving force behind" the false advertisements and misleading reviews, that Ken Ehrman "has authority to approve, reject, and revise the Halo Collar products," and that "Millan was an active participant in . . . promoting, and advertising the Halo Collar[.]" [*Id.* at 14]. The Sixth Circuit has upheld the exercise of personal jurisdiction against both a corporate entity and its alleged out-of-state agents or principals where said agents were alleged to take "an active role" in suit-related conduct. *Bird*, 238 F.3d at 869–70. Accordingly, viewing the allegations of the Complaint in a light most favorable to Plaintiff, Plaintiff has established a *prima facie* case for this Court's exercise of personal jurisdiction over the Individual Defendants.

the exercise of personal jurisdiction over Defendants is reasonable. Plaintiff has sufficiently pled a *prima facie* case of personal jurisdiction over Defendants.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion to Dismiss [Doc. 19]. Defendants **SHALL** serve a responsive pleading within twenty-one days of this Order's date.

So ordered.

ENTER:

                                                s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE