UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| INVISIBLE FENCE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-CV-00403-JRG-JEM |
| ) | |
| PROTECT ANIMALS WITH ) | |
| SATELLITES, LLC, KEN EHRMAN, ) | |
| and CESAR MILAN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the Report of the Parties' Planning Meeting [Doc. 39], in which the parties, under Federal Rule of Civil Procedure 42(a), agree that the Court should consolidate this case with its sister case, *Radio Systems Corp. v. Protect Animals With Satellites, LLC, et al.*, No. 3:23-CV-00404-JRG-JEM, [*id.* at 9–11], which is also before this Court. Under Rule 42(a), the Court may consolidate actions that "involve a common question of law or fact," Fed. R. Civ. P. 42(a), though consolidation is merely "a matter of convenience and economy in administration" and "does not merge the suits into a single cause." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 412 (6th Cir. 1998) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)). All parties agree that consolidation is appropriate under Rule 42(a)—both for pretrial purposes, i.e., discovery, and for trial—because "the cases address closely similar legal and factual issues." [Parties' Rep. at 10].

"Where there are common issues of law or fact, courts must then balance the benefit of expedience and judicial resources against prejudice and jury confusion that may be caused by consolidation." *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436, 441 (S.D.

Ohio 2015) (citing *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)). All parties likewise agree that "no prejudice will result from consolidation" and that consolidation "will alleviate the risk of inconsistent adjudications of common factual and legal issues; reduce the burden on parties and witnesses; save available judicial resources; shorten or not affect the length of time required to conclude the overall disputes between the parties; and reduce the relative expense to all concerned." [Parties' Rep. at 11].

Based on the parties' agreement that consolidation is proper, the Court in its discretion will order consolidation of the two cases—*Invisible Fence, Inc. v. Protect Animals with Satellites, LLC, et al.*, No. 3:23-CV-403-JRG-JEM and *Radio Systems Corp. v. Protect Animals with Satellites, LLC, et al.*, No. 3:23-CV-00404-JRG-JEM—for discovery and trial. *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) ("Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court[.]" (citation omitted)). The parties' joint request for consolidation is therefore **GRANTED**, and the Court **ORDERS** as follows:

1. *Invisible Fence, Inc. v. Protect Animals with Satellites, LLC, et al.*, No. 3:23-CV-403-JRG-JEM and *Radio Systems Corp. v. Protect Animals with Satellites, LLC, et al.*, No. 3:23-CV-00404-JRG-JEM, are hereby consolidated under Rule 42(a);

2. *Invisible Fence, Inc. v. Protect Animals with Satellites, LLC, et al.*, No. 3:23-CV-403-JRG-JEM, which is the first-filed case, **SHALL** serve as the lead case for purposes of consolidation, and all future filings **SHALL** only be made in the lead case, under the following caption:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

|  |  |  |
|---|---|---|
| IN RE PROTECT ANIMALS WITH SATELLITES, LLC, LITIGATION | ) ) ) ) | Consolidated Case No. 3:23-CV-00403-JRG-JEM |

3. Plaintiffs **SHALL** file a consolidated complaint within twenty-one days of this Order's date;

4. The Court's scheduling order [Doc. 67] in *Radio Systems Corp. v. Protect Animals With Satellites, LLC, et al.*, No. 3:23-CV-00404-JRG-JEM, is hereby **VACATED**;

5. The Court will enter a scheduling order in the lead case, and it will govern the two consolidated cases; and

6. Lastly, although the parties "request a meeting with the Court before a scheduling order is entered to discuss the impact of the requested consolidation," [Parties' Rep. at 7], the Court, without further elaboration from the parties, does not find a meeting necessary at this time. The parties, in their Rule 26(f) report, have provided the Court with adequate information for the generation of a scheduling order. The parties' request for a meeting is therefore **DENIED**, but they may seek modifications to the scheduling order with a showing of good cause. Fed. R. Civ. P. 16(b)(4).

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE